20947

In the Matter of Charles Rouse PUSSER, Jr., Respondent.
(254 S. E. (2d) 926)

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Richard B. Kale, Jr.,* Columbia, *for complainant.*

*Robert E. Kneece, Sr.,* Columbia, *for respondent.*

April 25, 1979.

*Per Curiam:*

A hearing panel of the Board of Commissioners on Grievances and Discipline found that respondent Charles Pusser, an attorney, had entered into a business transaction with his client without full disclosure in violation of the Cannons of Professional Responsibility, Disciplinary Rule 5-104(A), and found in addition that Pusser

had at least technically violated D.R. 5-103(B) by advancing funds to a client. Upon review the Executive Committee found that both violations had been proved. Neither the State nor Pusser had taken exception to the findings nor to the private reprimand recommended by the panel and the Committee. The matter is before us on a Rule to Show Cause why the report of the Executive Board should not be confirmed and such disciplinary order as this Court may deem proper be issued. This Court may make independent findings and impose whatever sanction it deems proper. *Burns v. Clayton*, 237 S. C. 316, 117 S. E. (2d) 300 (1960).

Pusser was retained by the parents of James Lett (age 17 at the time), to represent Lett in a personal injury suit. Lett's parents were of limited education.

Pusser admits that before the suit was settled he loaned Lett's family $1,000 for food and for Christmas. We affirm the findings of the Executive Committee that this loan violated D.R. 5-103(B).

After the suit was settled for $120,000, Pusser retained the bulk of the award first in his personal account and then in a trust account, giving it to his client as it was demanded.

When the client indicated that he wished to invest some of the settlement money in real estate, Pusser sold him five lots owned, all, or in part by him and/or his wife for $3,000 each at a profit of $800 each. Pusser says that he disclosed his interest before the sale, but both Lett and his father testified that they first learned that the Pussers were the sellers when they saw the deeds some time after the conveyance. The Panel found that Pusser failed ". . . to make a full, candid, honest and complete disclosure of all facts to his client before entering into the agreement to sell the property to the client which resulted in a profit to the Respondent" [Pusser]. From this Panel finding no exceptions were taken.

Lett testified that he became dissatisfied with the deal when he found he could not mortgage the lots for the sum he had in them. He offered to sell one or two of the lots back to Pusser for the price paid. Pusser refused to buy. Pusser contended that he refused because he was only offered one lot, which was not as valuable alone as each of the two would be if sold together.

The evidence indicates that Pusser made a profit of $800 on each of the lots. He contends that they appreciated from a value of $2,200 each when he purchased them, to a value of $3,000 each a few months later, when he sold them to Lett. An attorney runs a high risk when he mixes his personal business with his professional business. Here the attorney was sophisticated; the client by reason of youth and limited education was lacking in ability to make an appraisal of the lots. He obviously relied on the lawyer's judgment. The transaction is subject to the Court's scrutiny, and reveals that the attorney received an advantage at the expense of his client. Only rarely may a profit be justified in a transaction involving minor or uneducated clients. Circumspect attorneys simply will not enter into business transactions involving minors or uneducated clients.

Although we agree with the Board's finding of misconduct, we disagree as to the appropriate sanction. We conclude that the two violations warrant a public reprimand.

Attorney Charles R. Pusser stands publicly reprimanded by this Court in accordance with 5(c) of the Supreme Court Rule on Disciplinary Procedure.