22078

In the Matter of Paul Elwyn ROLLINS, Respondent.

(316 S. E. (2d) 670)

Supreme Court

*Atty. Gen. T. Travis Medlock, Senior Asst. Atty. Gen. Richard B. Kale, Jr.,* and *Asst. Atty. Gen. William K. Moore,* Columbia, *for complainant.*

*Robert A. McKenzie,* of *Rogers, McDonald, McKenzie, Fuller & Rubin,* Columbia, *for respondent.*

April 9, 1984.

*Per Curiam:*

In this disciplinary proceeding, the Executive Committee of the Board of Commissioners on Grievances and Discipline determined respondent Paul E. Rollins had committed acts of conduct warranting indefinite suspension from the practice of law. We agree with the Executive Committee's findings of fact, but hold disbarment to be the appropriate sanction.

The undisputed facts surrounding this matter reveal:

(1) Over a period of approximately six months, commencing on November 7, 1980, respondent, while serving as general guardian to a minor child, whose mother was also a minor, invested $95,000 of the child's funds in a newly-formed close corporation. This investment was made without the approval of the probate court or the child's mother. In 1982, after the probate court determined this investment to be of "a highly speculative nature," respondent's bonding company financed his repayment of the $95,000 to the child's estate.

(2) On December 23, 1980, after making an $8,000 installment toward the eventual $95,000 investment, respondent received a $7,000 interest-free loan from the corporation, which he "repaid" by leasing vacant office space to the corporation for a period of eighteen months.

(3) In August 1981, respondent, to facilitate the sale of a house he owned, borrowed $5,000 from the estate, without court approval, deposited the money into his personal bank account, and executed a joint mortgage with the prospective purchaser. The estate received this mortgage and a promissory note in the amount of $5,000. The payments on this note were current at the time of this action.

Following the full hearing on the allegations of misconduct against respondent, the Hearing Panel ruled he had violated DR1-102(A)(5) and DR5-104(A) of Rule 32, Rules of the Supreme Court, Code of Professional Responsibility, and Rule

5(D) of the Rules of the Supreme Court of Disciplinary Procedure, and recommended respondent be publicly reprimanded. The Executive Committee adopted the Panel's findings of fact and conclusions of law, but disagreed as to sanction, instead recommending indefinite suspension. We disagree and conclude respondent's actions warrant disbarment.

"An attorney runs a high risk when he mixes his personal business with his professional business," especially where the client is, by reason of youth or lack of education, less sophisticated. *Matter of Pusser*, 273 S. C. 115, 117, 254 S. E. (2d) 926, 927 (1979). This risk is even greater where, as here, the attorney occupies a fiduciary position above and beyond that of legal counsel. As the child's guardian, respondent owed him the highest degree of honesty and care in choosing investments and maintaining the integrity of the estate's funds. This duty was magnified by the fact that respondent received substantial commissions resulting from his service as guardian.

Our review of the record leaves little doubt that every act of misconduct was at least partially motivated by respondent's desire to further some personal interest. In view of the duties owed his client, we find respondent's actions intolerable. Accordingly, we hold respondent's investment and personal use of his client's funds to be violative of DR1-102(A)(5), DR5-104 and Rule 5(D), as he allowed his personal interests in furthering the newly-formed corporation and completing the sale of his home to override his duty to exercise sound professional judgment in furthering the differing interests of his client.

It is therefore ordered that respondent be, and hereby is, disbarred from the practice of law in this State. He shall within five(5) days from the service of this Order surrender his license to practice law to the Clerk of the Supreme Court for cancellation.

Disbarred.

HARWELL, Justice (dissenting):

I respectfully dissent as to the appropriate sanction. The Hearing Panel recommended a public reprimand. The Executive Committee disagreed and recommended indefinite suspension. I agree with the recommendation of the Executive

Committee and would impose indefinite suspension as the appropriate sanction.

GREGORY, J., concurs.